UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL DALLUGE,<br><br>              Petitioner,<br><br>   vs.<br><br>MAGGIE MILLER-STOUT,<br><br>              Respondent. | NO. CV-08-358-LRS<br><br>ORDER DISMISSING PETITION |

    BEFORE THE COURT is Petitioner's Response (Ct. Rec 8) to the Order to Show Cause why this action should not be dismissed for failure to exhaust state court remedies (Ct. Rec. 6). Petitioner, a prisoner at the Airway Heights Correction Center, is proceeding *pro se* and *in forma pauperis;* Respondent has not been served.

    Mr. Dalluge states he is challenging his present 2006 Grant County jury conviction for Second Degree Assault, as enhanced by an allegedly illegal 1997 conviction. Mr. Dalluge was convicted as an adult of two counts of third degree rape.

    Petitioner asserts he challenged the 1997 conviction on jurisdictional grounds to the Washington State Supreme Court, as set forth in a published opinion, *In re Dalluge,* 152 Wash.2d 772, 100 P.3d 279 (2004). Mr. Dalluge did, indeed, prevail on his claims the adult

ORDER DISMISSING PETITION -- 1

court lacked jurisdiction and he had received ineffective assistance of counsel, and the Supreme Court remanded for a retroactive declination hearing. *In re Dalluge*, 142 Wash.2d at 789-90. On remand, the Superior Court found declination appropriate and the Washington State Court of Appeals, Division III, affirmed in an unpublished opinion dated January 6, 2009, 2009 WL 73138.

Petitioner does not state he sought further review from the Washington State Supreme Court of his 1997 conviction. He admitted on the face of his Petition that the 2006 conviction is currently pending on appeal before the Washington State Court of Appeals, Division III.

Again, before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerkel,* 526 U.S. 838, 842-43 (1999). A state prisoner has not done so if he has the right under the law of the State to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Clearly, Mr. Dalluge has not exhausted his state court remedies regarding his 2006 conviction. Therefore, the court will not permit him to proceed with his challenge to his 2006 conviction at this time.

Consequently, **IT IS ORDERED** the Petition for Writ of Habeas Corpus is **DISMISSED without prejudice** for failure to exhaust state court remedies.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, forward copies to Petitioner and close the file. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good

ORDER DISMISSING PETITION -- 2

faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this  10th  day of February, 2009.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING PETITION -- 3