UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMEL DALLUGE,<br><br>        Petitioner,<br><br>  vs.<br><br>MAGGIE MILLER-STOUT,<br><br>        Respondent. | NO.  CV-08-358-LRS<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

BEFORE THE COURT is Petitioner's Motion to Reconsider (Ct. Rec. 11). By Order filed February 9, 2008, the court dismissed Mr. Dalluge's Petition for failure to exhaust state court remedies. Petitioner is challenging his 2006 Grant County jury conviction for Second Degree Assault, as enhanced by an allegedly illegal 1997 conviction for two counts of third degree rape.  An appeal of the present conviction is currently pending in the state courts.

Motions for reconsideration serve a limited function. "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989).  Such motions are not the proper vehicle for offering evidence or theories of law that were available to the party at the

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

time of the initial ruling. *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D. Wash. 1987).

In the instant case, Petitioner has not alleged that there has been an intervening change of controlling law.  Likewise, he has not offered newly discovered evidence that would justify this court taking a second look at the issue in question.  Thus, the only remaining question is whether the court should alter its prior ruling in order to "correct a clear error or prevent manifest injustice." *Pyramid Lake*, 882 F.2d at 369 n.5.  The court has already explained to Petitioner that he needs to first exhaust state court remedies before pursuing a federal habeas action.  The court acknowledges Mr. Dalluge's continued argument the exhaustion requirement should not be applied to his federal petition, but is unpersuaded by it.

Accordingly, **IT IS ORDERED** the Motion for Reconsideration (Ct. Rec. 11) is **DENIED**.

**IT IS SO ORDERED**.  The District Court Executive is directed to enter this Order, forward a copy to Petitioner and close the file. Again, the court certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this  2nd  day of March, 2009.

                                   ***s/Lonny R. Suko***
                                   LONNY R. SUKO
                            UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 2